GORGONIA LUCIANO, demandante y apelante, *v.* LA COMISIÓN DE INDEMNIZACIONES A OBREROS DE PUERTO RICO, demandada y apelada.

No. 3872.—*Visto:* Mayo 6, 1926. *Resuelto:* Julio 30, 1926.

1. MANDAMUS.—NATURALEZA Y FUNDAMENTOS IN GENERAL—NATURALEZA D. L. DE-RECHO QUE HA DE HACERSE EFECTIVO—DERECHOS DE LOS OBREROS A QUE LA COMISIÓN DE INDEMNIZACIONES RESUELVA SUS CASOS.—El mandamus es el único remedio adecuado para hacer efectivo el derecho del obrero o sus herederos cuando la Comisión de Indemnizaciones a Obreros se niega a resolver un caso.

2. MANDAMUS—JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO—DE LA PETICIÓN O SOLICITUD—REQUISITOS EN GENERAL—ALEGACIÓN DE LA NO EXISTENCIA DE OTRO REMEDIO EN LEY.—Aún cuando es dudoso si la alegación de que no existe otro remedio en ley es un requisito esencial en toda petición de mandamus, sin embargo, tal alegación no es necesaria cuando de los hechos de la petición aparece la falta de otro remedio en ley.

3. MANDAMUS—NATURALEZA Y FUNDAMENTOS EN GENERAL—REQUERIMIENTO PRE-VIO Y NEGATIVA.—Aún cuando una reclamación de indemnización por un obrero no participa de tal carácter público que excuse la falta de un requerimiento previo, sin embargo, dada la intención del legislador de que los procedimientos bajo la ley de Indemnizaciones a Obreros sean rápidos, cuando el caso del obrero ha sido *prima facie* demorado por más de un año, no es necesario requerimiento previo alguno para obligar a la Comisión de Indemnizaciones a actuar.

RESOLUCIÓN de *R. H. Todd Jr., J.* (Ponce), denegando la expedición de un auto alternativo de mandamus solicitado por la demandante. *Revocada* y devuelto el caso.

*Arjona & Arjona,* abogados de la apelante; *George C. Butte, C. Llauger* y *Emilio Aldrey,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La peticionaria solicitó se expidiera un auto alternativo de mandamus alegando que a pesar de haber transcurrido más de un año y a pesar de los continuos esfuerzos de la peticionaria la Comisión aún no había tomado acción alguna en el procedimiento instituído por dicha peticionaria. La corte de distrito negó el auto por medio de la siguiente resolución:

"Vista la petición presentada por Gorgonia Luciano, solicitando que se expida un auto alternativo de mandamus en contra de la Comisión de Indemnizaciones a Obreros de Puerto Rico, y no apareciendo de la misma alegación alguna en que se haga constar que la peticionaria no tiene un recurso adecuado y eficaz en el curso ordinario de la ley, y siendo dicha alegación un requisito indispensable en toda petición de mandamus, de acuerdo con la sección 3 de la ley estableciendo el auto de mandamus, aprobada en 12 de marzo de 1903.—Y vistos, además, los hechos contenidos en la alegación 4ª de la petición, en que se habla en forma genérica de las gestiones hechas por la demandante, sin especificarse en qué han consistido, ni tampoco la forma en que la Comisión demandada se ha negado a resolver el caso. La corte es de opinión que no ha lugar a expedir el auto alternativo de mandamus solicitado por la demandante, y por lo tanto, lo deniega."

[1, 2] Aunque la ley dice que no se expedirá un auto de mandamus cuando exista un remedio adecuado en ley, convenimos con el apelante que contra la Comisión no hay otro remedio que el mandamus. En todo caso, dudamos que la alegación de que no existe otro remedio sea esencial en un escrito, pero sobre lo que no tenemos duda alguna es que tal alegación no es necesaria cuando de los hechos de una solicitud de mandamus aparece la falta de otro re-

medio. Esto abarca los dos primeros señalamientos de error.

[3] Los restantes errores pueden también ser agrupados. El IV párrafo de la petición dice como sigue:

"Que a pesar de haber transcurrido más de un año desde la fecha del accidente, fallecimiento, y solicitud antes dicha, la demandada no ha resuelto sobre el derecho de la demandante y su esposo mencionados, con relación a la indemnización solicitada, en la forma en que se ha mencionado antes; y a pesar de las continuas gestiones de la demandante, al efecto, la demandada se niega a resolver el caso."

Dudamos que la alegación sobre las gestiones hechas por la apelante fuera una mera conclusión de derecho. Nos inclinamos a creer que era meramente la alegación defectuosa de un requerimiento previo. Por tanto, creemos que la corte en un caso de esta naturaleza debió haber interpretado el lenguaje liberalmente y haber expedido el auto.

Sin embargo, no queremos basar nuestra conclusión en estos fundamentos solamente. No convenimos con el apelante que una reclamación de indemnización por un obrero participe de tal carácter público que haga caer su caso dentro de la excepción que anota la jurisprudencia al efecto de excusar la falta de un requerimiento previo. Lo que sí sostenemos, sin embargo, es que la Legislatura ha demostrado su intención de que los procedimientos bajo la Ley de Indemnizaciones a Obreros sean rápidos, al extremo de disponer que los casos establecidos bajo la misma y apelados a esta corte deben tener preferencia. Por consiguiente, cuando el caso de un obrero ha sido *prima facie* demorado por más de un año, sostenemos que no era necesario requerimiento previo alguno para poner en movimiento la maquinaria de la comisión y requerirla a actuar en el caso.

*La resolución apelada será revocada y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Hutchison no intervino en la resolución del caso.