CARLOS LÓPEZ, demandante y apelante, *v.* LA COMISIÓN DE INDEMNIZACIONES A OBREROS DE PUERTO RICO, integrada por RAMÓN MONTANER, RAFAEL PALACIOS RODRÍGUEZ, JOAQUÍN A. BECERRIL, PEDRO SANTANA Jr., ALFREDO VARGAS y PRUDENCIO RIVERA MARTÍNEZ, demandada y apelada.

No. 4249.—*Visto:* Enero 26, 1928.   *Resuelto:* Marzo 6, 1928.

MANDAMUS—JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO—APELACIÓN—EN GENERAL.—Cuando por virtud de excusas expuestas por la Comisión de Indemnizaciones a Obreros en procedimiento de *mandamus* para compelerla a actuar por razón del tiempo transcurrido, la corte anula el auto expedido y desestima la solicitud, nada hay que demuestre tales excusas como insuficientes o que la corte inferior errara al negarse a obligar la Comisión a realizar algo imposible de cumplir y aparece por certificación unida a una moción de desestimación que el caso del peticionario fué resuelto por sus méritos, en ausencia de adjudicación alguna de costas, las cuestiones levantadas por el apelante son *prima facie* académicas y procede confirmar la sentencia apelada.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), desestimando la petición de *mandamus* y anulando el auto alternativo expedido. *Confirmada.*

*Leopoldo Tormes,* abogado del apelante; *Hon. Attorney General* interino, *J. A. López Acosta* y *Emilio Aldrey, Sub-Procurador,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Carlos López, en una petición de *mandamus* fechada marzo 16, 1927, describió un accidente que se decía haberle ocurrido el 24 de abril de 1924, y alegó que una solicitud

de indemnización había sido debidamente radicada en las oficinas de la Comisión de Indemnizaciones a Obreros, que después de un incendio que destruyó los archivos de dicha comisión en noviembre de 1926, el peticionario radicó una nueva solicitud, y que la comisión demandada, a pesar del tiempo transcurrido, no había resuelto nada con respecto a esa solicitud y había asumido una actitud de indiferencia hacia las súplicas hechas por el peticionario a este respecto.

La demandada compareció en cumplimiento de un auto condicional expedido por la corte inferior, y explicó que, como resultado del fuego mencionado en la petición, se había hecho necesario restaurar o reconstruir el expediente del peticionario, que había sido destruido, que tal expediente estaba en vías de reproducción y que el caso del peticionario sería resuelto dentro de un tiempo razonable.

El peticionario apela de una orden dictada por virtud de las excusas así expuestas, anulando el auto condicional expedido y declarando sin lugar la petición, y dice que la resolución recurrida es contraria a los hechos y a la ley.

Siguiendo la amplia generalización de este señalamiento, el apelante indica que habían transcurrido más de dos años desde que ocurrió el accidente hasta antes de ocurrir el siniestro, y cita extensamente el caso de *Luciano* v. *Comisión de Indemnizaciones*, 35 D.P.R. 1018. Si la petición hubiese sido radicada en marzo de 1926 en vez de marzo de 1927, y si la corte inferior hubiese anulado el auto condicional y hubiese desestimado la acción por no haberse demostrado satisfactoriamente por la demandada la razón de una demora prolongada, tendría gran peso la contención del apelante. Pero no se desprende que la explicación dada por la demandada en este caso fuera insuficiente, o que la corte inferior errara al negarse a obligar a la demandada a realizar una tarea imposible de cumplir.

El 31 de enero último fué declarada sin lugar una moción para desestimar la apelación por el fundamento de que no se había notificado esa moción al apelante, quien no com-

pareció a la vista. Sin embargo, aparece de una certificación unida a la moción que el caso del demandante fué resuelto en sus méritos por la comisión demandada en agosto de 1927, y, por tanto, no habiéndose hecho adjudicación alguna de costas la única cuestión que trata de levantar el apelante es, *prima facie*, académica.

*Debe confirmarse la sentencia apelada.*

Los Jueces Asociados Sres. Aldrey y Texidor no intervinieron.